UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JERMAINE HAMPTON,<br><br>　　　　　　　Petitioner,<br>v.<br>JEREMY BEAN, *et al.*,<br><br>　　　　　　　Respondents. | Case No. 2:24-cv-01504-GMN-EJY<br><br>**ORDER** |

　　　　Petitioner Jermaine Hampton, a *pro se* Nevada prisoner, commenced this habeas action by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1-1). Respondents move to dismiss certain grounds as unexhausted or duplicative. ECF No. 23. The Court grants Respondents' Motion to Dismiss, in part, dismissing Ground 2(B)(2) as duplicative of Ground 1 to the extent Ground 2(B)(2) alleges a violation of Hampton's right to self-representation. The Court finds Ground 2(B)(3) is exhausted and denies Respondents' Motion to Dismiss as to Ground 2(B)(3).

**Background**

　　　　Hampton challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. On August 20, 2019, the state district court entered a judgment of conviction for Conspiracy to Commit Robbery, Robbery, and Stop Required On Signal of Police. The state district court sentenced Hampton to an aggregate term of 8 to 21 years. The Nevada Court of Appeals affirmed the judgement of conviction on direct appeal.

　　　　Hampton filed a state post-conviction Petition for Writ of Habeas Corpus. The state district court denied post-conviction relief, but the Nevada Court of Appeals determined that the state district court erred by denying two of Hampton's claims without first conducting an evidentiary hearing. On remand, the state district court conducted an evidentiary hearing, but nonetheless denied relief. The Nevada Court of Appeals affirmed the denial of relief.

　　　　On August 15, 2024, Hampton initiated this federal habeas corpus proceeding. ECF

No. 1-1. Respondents move to dismiss Ground 2(B)(3) as unexhausted and Grounds 2(A)(1)[1], 2(A)(2), and 2(B)(2) as duplicative.

**Discussion**

**I.    Ground 2(B)(3) is exhausted.**

A state prisoner first must exhaust state court remedies on a habeas claim before presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan*, 526 U.S. at 844–45; *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).

A properly exhausted claim "'must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief.'" *Woods*, 764 F.3d at 1129 (quoting *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996)) and *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) ("Fair presentation requires that the petitioner 'describe in the state proceedings both the operative facts and the federal legal theory on which his claim is based so that the state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claim.'")). "A claim has not been fairly presented in state court if new factual allegations either 'fundamentally alter the legal claim already considered by the state courts,' or 'place the case in a significantly different and stronger evidentiary posture than it was when the state courts considered it.'" *Dickens v. Ryan*, 740 F.3d 1302, 1318 (9th Cir. 2014).

In Ground 2(B)(3), Hampton alleges that his rights to conflict-free and effective

---

[1] In their Reply, Respondents withdrew their assertion that Grounds 2(A)(1) and 2(A)(2) are duplicative. ECF No. 25 at 2.

assistance of counsel were violated because the trial court erred by denying his Motion to Substitute Counsel. ECF No. 10 at 23. Respondents argue that Hampton failed to fairly present this claim to the state appellate court. ECF No. 23 at 7. They assert that Hampton only alleged that "[t]he trial court was well aware of these conflict issues and failed to appoint separate counsel for trial," without providing any argument or facts regarding a Motion to Substitute Counsel. ECF No. 17-42 at 32.

Considering the general rule that the Court should construe *pro se* pleadings liberally, the Court finds that the claim asserted in Ground 2(B)(3) is exhausted as the claim was fairly presented to the state appellate courts. *See Haines v. Kerner*, 404 U.S. 519 (1972). In addition to alleging that the trial court failed to appoint separate counsel for trial, Hampton asserts that he "filed several motions alleging counsel's conduct and performance was unprofessional and deficient" in his Opening Brief on appeal of the denial of his state habeas Petition. ECF 17-42 at 31. Accordingly, the Court finds that Ground 2(B)(3) is exhausted.

**II.     Ground 2(B)(2) is duplicative to the extent it alleges a violation of Hampton's right to self-representation.**

In Ground 2(B)(2), Hampton alleges an irreconcilable conflict with trial counsel that rose to the level of a complete breakdown in communication and that the trial court erred by denying his request to represent himself. Respondents argue that Ground 2(B)(2) should be dismissed as duplicative because Hampton alleges that his right to self-representation was violated in Ground 1. Hampton asserts that Ground 2(B)(2) is distinct from Ground 1 because he argues in Ground 2(B)(2) that an irreconcilable conflict existed that rose to the level of a complete breakdown in communications. The Court, however, agrees with Respondents and dismisses Ground 2(B)(2) as duplicative to Ground 1 to the extent that it alleges a violation of Hampton's right to self-representation.

///
///
///
///

3

**Conclusion**

It is therefore Ordered that Respondents' Motion to Dismiss (ECF No. 23) is granted, in part. Ground 2(B)(2) is dismissed as duplicative to the extent that it alleges a violation to Hampton's right to self-representation.

It is further Ordered that Respondents will have until July 15, 2025, to file and serve an answer addressing the remaining claims in Hampton's Petition.

It is further Ordered that Hampton will have 60 days from the date of service of the answer to file and serve a reply.

DATED:   May 16, 2025

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE